## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **CARLEY JONES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.:**  3:12-cv-135 |
| **v.** | ) | |
| | ) | |
| **ZAXBY'S FRANCHISING, INC.; ZAXBY'S** | ) | |
| **HOLDINGS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff Carley Jones, (hereinafter collectively referred to as "Plaintiff") on behalf of herself and all others similarly situated, brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Plaintiff is a former employee of Zaxby's engaged as a management trainee at one or more Zaxby's restaurants.  Plaintiff alleges that Defendant Zaxby's has willfully violated Plaintiff's right to receive overtime pay for hours worked over 40 hours per work week.  Pursuant to 29 U.S.C. § 216(b), the Plaintiff also seeks to represent all other similarly situated employees who now work or have worked as manager trainees at any Zaxby's store since three years prior to the date this action is filed.

2.      Plaintiff is a former employee of Zaxby's who was a manager trainees of Zaxby's at some point within three years prior to the commencement of this action.  The Plaintiffs' written consents are attached hereto as Exhibit A.  Plaintiff brings this action on her own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a proposed collective action of similarly-situated employees.

3.      Zaxby's is a Georgia corporation with its principal office in Athens, Georgia, and is authorized to do business in the State of Georgia.

## JURISDICTION AND VENUE

4.      This court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. §1391 because the events or omissions giving rise to the claims have occurred within this District.

5.      The FLSA regulates, among other things, the payment of compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

6.      At all times pertinent to this Complaint, Zaxby's has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and (s).  Zaxby's annual gross sales volume exceeds $500,000.00 per annum.

## COLLECTIVE ACTION

7.      The Plaintiff and the members of the proposed class are or were employed by Zaxby's and are or were engaged as manager trainees at various Zaxby's restaurants.

8.      Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and the following proposed class of similarly situated employees: a collective action of current and former employees of Zaxby's who have held the position of manager trainee during all or any part of the period beginning three years prior to the date this action was filed, who, in violation of the FLSA, have not been fully compensated hours worked.

9.      Members of the proposed class are current or former Zaxby's employees who have been subject to the same unlawful practices alleged herein and, therefore, are similarly

situated to the Plaintiff named in this Complaint.  The members of the proposed class work or worked in the same job as to that held by the Plaintiff and are subject to the same or similar pay practices.   Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and members of the proposed class.

10.     Plaintiff, Carley Jones,  requests that she be permitted to serve as representative of those who have consented to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

11.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth again fully at this point.

12.     The Plaintiffs and members of the proposed class were at all times considered exempt employees by Zaxby's and were paid on a salary basis. However they actually were non-exempt employees.  Their duties did not include hiring, firing, managerial responsibilities, the exercise of independent judgment, or supervision of two or more employees.

13.     Plaintiff and members of the proposed class were not paid one-and-one-half times their hourly rates of pay for all hours spent working over 40 in a workweek.

14.     Furthermore, in violation of § 29 U.S.C. § 211(c) and § 215 and 29 C.F.R. § 526, Zaxby's failed to maintain adequate records of, among other things, the hours worked by Plaintiffs and members of the proposed class.

15.     In addition to the amount of unpaid overtime wages owed to the Plaintiff and members of the proposed class, Plaintiff and all others similarly situated to her are entitled to recover an additional equal amount as liquidated damages, their attorneys' fees pursuant to 29 U.S.C. § 216(b), and prejudgment interest.

16.     Zaxby's has not made a good faith effort to comply with the FLSA.  Furthermore, Zaxby's actions in failing to properly compensate the Plaintiff and members of the proposed class in violation of the FLSA were willful because Zaxby's is aware of the non-exempt status of the Plaintiffs, and the requirement to pay them, but failed to do so.

17.     Zaxby's has willfully engaged in such conduct in violation of the Fair Labor Standards Act by engaging in a pattern or practice of:

    A.     Otherwise failing to pay Plaintiff and members of the proposed collective action the rate of pay for all hours worked per workweek;

    B.     Failing to keep accurate records showing all the time it permitted Plaintiff and members of the proposed collective action to work, which has resulted in the denial of compensation owed to them under the FLSA.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the case be certified as a collective action and that the Plaintiff and each member of the class recover from Zaxby's the following:

    A.     An award of unpaid overtime in an amount appropriate to the proof at trial;

    B.     An award of liquidated damages in an amount appropriate to the proof at trial;

    C.     Court costs and costs of litigation, including expert fees;

    E.     Pre-judgment interest;

    D.     Attorneys' fees; and

    E.     Such other and further legal and equitable relief as the Court deems just.

## JURY DEMAND

Plaintiff, individually and as representatives of the class, requests a jury trial.


Respectfully submitted,


*/s/ W. Todd Harvey*_____
W. Todd Harvey
Georgia State Bar No. 335553
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
phone: 205-930-9091
fax: 205-930-9054
tharvey@bhflegal.com