## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between CARLEY JONES ("Carley Jones") and ZAX, INC. (Zax").

### RECITALS

This Agreement is made with reference to the following facts:

A. **WHEREAS**, Carley Jones is a Plaintiff in the lawsuit filed against Zax that is currently pending in the United States District Court for the Middle District of Georgia and styled as CARLEY JONES v. ZAX, INC., Civil Action No. 3:12-CV-135(CDL), (the "Lawsuit"); and,

B. **WHEREAS**, Zax denies the validity of Carley Jones' claims and denies that it is subject to any liability; and,

C. **WHEREAS**, the Parties wish to settle their differences without resort to further litigation; and,

D. **WHEREAS**, Zax is willing to provide Carley Jones with certain considerations described below, which is not ordinarily required to, provided Carley Jones dismisses her Lawsuit with prejudice, releases Zax from any claims Carley Jones has made or might make arising out of her employment with Zax, and agrees to comply with the other promises and conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficient of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Definitions:** Throughout this Agreement, the terms:

   A. Zax shall include the following:

   (i) Zax, Inc., as well as its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations; and

   (ii) the officers, directors, trustees, insurers, shareholders, partners, current and former employees, attorneys and agents, past and present, of each of the aforesaid entitled of any entity encompassed by subparagraph (A)(i).

EXHIBIT A

3. **Settlement Sum:** As consideration for Carley Jones signing this Agreement and compliance with the promises made herein, Zax agrees to pay Carley Jones a total of $4,000.00, less lawful deductions, as follows:

   a. Zax shall issue payment in the amount of $1,975.00, less applicable taxes and deductions, payable to Carley Jones. This payment shall be characterized as FLSA back wages, and Zax will issue Carley Jones an IRS Form W-2; and

   b. Zax shall issue payment in the amount of $1,975.00 payable to Carley Jones. This amount shall be characterized as FLSA liquidated damages, and Zax will issue Carley Jones an IRS form 1099; and

   c. Zax shall issue payment in the amount of $50.00, less applicable taxes and deductions, payable to Carley Jones. This payment shall be characterized as consideration for the General Release of Claims, and not FLSA back wages or liquidated damages, but which are nonetheless taxable as ordinary income under 26 U.S.C. §104(a)(2), and Zax will issue Carley Jones an IRS Form W-2; and

   d. Zax shall issue payment in the amount of $3,500.00 payable to Burke, Harvey & Frankowski, LLC, Tax Identification No. 20-8596547, for $2,629.76 in attorneys' fees and $870.24 in costs, and shall issue the appropriate IRS Forms 1099 to Burke, Harvey & Frankowski, LLC and Carley Jones for this amount.

   e. Carley Jones' counsel will seek no more attorney's fees and costs than the amount specified in paragraph 3(d) above and will refuse any additional amount approved by the Court. Zax agrees that the amount in paragraph 3(d) above is appropriate and reasonable, but otherwise will take no position regarding the amount of attorneys' fees and costs sought by Carley Jones' counsel.

   f. Zax shall provide the consideration identified in this paragraph 3 after receiving all of the following items: (a) a facsimile or electronic copy of this Agreement appropriately signed and dated by Carley Jones; (2) and an Order from the Court approving the settlement between the Parties and dismissing, with prejudice, all claims against Zax in the matter of <u>CARLY JONES v. ZAX, INC.</u>, Civil Action No. 3:12-CV-135(CDL), currently pending in the United States District Court for the Middle District of Georgia. This Agreement shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this Agreement (the "Effective Date" defined as the first day after Zax has received from Carley Jones all of the items described in this paragraph). Carley Jones shall also provide a signed

original of the Agreement for execution by Zax's representative. Carley Jones will be provided with a copy of the fully executed Agreement.

4. **Consideration**: Carley Jones understands and agrees that she would not receive the monies and/or benefits specified in paragraph 3 above, but for her execution of her Agreement and the fulfillment of the premises contained herein.

5. **General Release of Claims**: In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Carley Jones agrees to the dismissal with prejudice o the Lawsuit filed against Zax (and any other claims or assertions of liability that may exist). In addition, Carley Jones, for herself and for each of her heirs, executors, administrators, and assigns, hereby full releases, acquits, and forever discharges Zax of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether know or unknown, vested or contingent, suspected or unsuspected, that Carley Jones may now have, has ever had, or hereafter may have related directly or indirectly to the allegations in the Lawsuit or her employment with Zax, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this Agreement, as well as paragraph 7 of this Agreement, have been fully paid to Carley Jones prior to the execution of this agreement; back pay; front pay; reinstatement; damages; or benefits. Carley Jones also releases any and all claims, whether **KNOWN** or **UNKNOWN**, she may have that arose prior to the date of this Agreement, and hereby specifically waives and releases all claims, including, but not limited to, those arising under the Civil Right Act of 1866, 42 U.S.C. §1981 (i.e. claims of race discrimination), the Civil Rights Act of 1871, 42 U.S.C. §1983, (*i.e.* claims arising under color of state law), the Civil Rights Acts of 1964 and 1991, as amended, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981a, (*i.e.* claims of race, color, religion, sex, and national origin discrimination), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et. seq. (i.e. claims of age discrimination), the Rehabilitation Act of 1973, as amended, the Employee Retirement Income Security Act of 1974, as amended, (*i.e.* claims related to employee benefit plans), the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq., as amended (*i.e.* claims related to overtime or minimum wage), the Americans with Disabilities Act of 1990, as amended (*i.e.* claims of disability discrimination), the Family and Medical Leave Act, as amended, the Equal Pay Act, as amended, the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff et. seq. (*i.e.* claims of genetic discrimination in health insurance and employment); the Occupational Safety and Health Act of 1970, 29 U.S.C. §651 et. seq., and any and all other federal, state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including claims for intentional infliction of emotional distress, which is specifically denied by Zax.

    a.    This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

    b.    Carley Jones hereby forever waives and forswears any claim of any right of reinstatement by Zax and agrees not to file an application for employment or otherwise see future employment with Zax.

6. **Tax Liability:** Carley Jones understands that Zax shall issue IRS Form 1099s for the payments specified in paragraphs 3(b) and (d) of this Agreement, that are not subject to withholding. In paying the amount specified in paragraphs 3(b) and (d), Zax makes no representation regarding the tax consequences or liability arising from said payments. Carley Jones understands and agrees that any and all tax liability that may be due or become due because of the payments referenced above is her sole responsibility, and that she will pay any such taxes that may be due or become due. Zax has no monetary liability or obligations regarding payment whatsoever (other than delivering valid checks in the sums referenced in paragraphs 3(a), (b) and (c) of this Agreement to Carley Jones). Carley Jones agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. Carley Jones further agrees to hold Zax harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event Zax receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against Zax, Zax shall promptly, after receipt of such written notice, notify Carley Jones by letter sent to counsel for Carley Jones. In the event that any of the Settlement Sum shall be deemed taxable in any form, Carley Jones agrees to indemnify Zax for any sums that may become liable to pay to any federal, state or local government or agency to cover federal or state withholding taxes and Social Security taxes as a result of such taxability, provided in no instance shall Carley Jones be responsible for Zax's share of any Social Security tax assessment. Each party will be responsible for any penalties or interest which may be assessed against them as a result of the classification of the Settlement Sum.

7. **Affirmations:** Carley Jones represents and affirms that, other than her Lawsuit referenced herein, she has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Zax with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Carley Jones further represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation,

wages, bonuses, commissions, and/or benefits are due her, except as provided for in this Agreement.

8. **Confirmation of Employment:** Zax agrees to provide confirmation of Carley Jones' employment and dates of employment. The information provided is limited to confirming dates of employment with Zax.

9. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

10. **Confidentiality:** In consideration of the obligations under this Agreement, Carley Jones agrees that this Agreement and the terms and conditions hereof are strictly, and shall forever remain, confidential, and that neither Carley Jones nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms as to third person(s), including, but not limited to, representatives of the media or other present or former associates of Zax, under any circumstances. Carley Jones may disclose the terms of her Agreement to her attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency.
    (A) If Carley Jones is required to disclose this Agreement or its terms pursuant to court order and/or subpoena, Carley Jones shall notify Zax, in writing via e-mail, facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide Zax with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 19. Carley Jones agrees to waive any objection to Zax's request that the document production or testimony be done in camera and under seal.

11. **Governing Law and Jurisdiction:** This Agreement shall be construed and enforced according to the laws of the State of Georgia, except as to the choice of law rules thereof or to the extent pre-empted by federal law. All disputes concerning the application or enforcement of this Agreement shall, if necessary, be tried in a court of competent jurisdiction in Oconee County or the Middle District of Georgia. Carley Jones hereby consents to the personal jurisdiction of the courts of Oconee County and the Middle District of Georgia.

12. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Zax of any liability or unlawful conduct of any kind.

13. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Carley Jones agrees not to make any claim at any time or place that this Agreement has been verbally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged. The Parties acknowledge that only the President of Zax has the authority to modify this Agreement on behalf of Zax.

15. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of an section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed to be a part of this Agreement.

    To the extent that any general release or dismissal in this Agreement is deemed to be illegal, invalid, or unenforceable, Carley Jones agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of Zax, in exchange for the payments set forth in paragraph 3 of this Agreement in the event such payments have not already been made, in order to effectuate a dismissal with prejudice of her Lawsuit filed against Zax.

16. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

17. **Entire Agreement:** This Agreement sets forth the entire Agreement between the parties hereto, and fully supersedes any prior obligation of Zax to Carley Jones, except that it shall not supersede any agreement related to confidential and proprietary information. Carley Jones acknowledges that she has not relief on any representations, promises, or agreements of any kind made to her in connection

with her decision to accept this Agreement, except for those set forth in this Agreement.

18. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

19. **Counterparts:** This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, CARLEY JONES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST ZAX.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 3-26-13        By: _____ V.P.
                          ZAX INC.

Dated: 3·12·13        By: _____
                          CARLEY JONES

477533.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA,
ATHENS DIVISION

| | | |
|---|---|---|
| CARLEY JONES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-135(CDL) |
| ZAX, INC., | § § | |
| Defendant. | § § § | |

## ORDER

Upon application of the parties and upon review of the private settlement agreement agreed to by the parties in this action, the Court has reviewed this matter and concludes that the terms of the settlement agreement is reasonable and satisfactory. This Court thereby orders that the above-styled action be DISMISSED WITH PREJUDICE. Defendant shall pay Plaintiff's attorneys' fees and court costs in an amount agreed to by the parties in the private settlement agreement.

This the _____ day of _____, 2013.

_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

477509.1

EXHIBIT B